UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 10-CV-11291

| | |
|---|---|
| TYLER TVEDTEN,<br>      Plaintiff<br><br>VS.<br><br>CITY OF BOSTON, and<br>GEORGE CROWLEY, and<br>ANDREW POWERS, and<br>STEVEN SWEENEY, and<br>ROY HECHAVARRIA<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Tyler Tvedten, is a resident of Boston, Suffolk County, Massachusetts.

2. The City of Boston is a municipality in the Commonwealth of Massachusetts subject to M.G.L. c. 258.

3. The Defendant, George Crowley ("Officer Crowley"), is a police officer with the City of Boston Police Department, Suffolk County, Massachusetts.

4. The Defendant, Andrew Powers ("Officer Powers"), is a police officer with the City of Boston Police Department, Suffolk County, Massachusetts.

5. The Defendant, Steven Sweeney ("Sergeant Sweeney"), is a police officer with the City of Boston Police Department, Suffolk County, Massachusetts.

6. The Defendant, Roy Hechavarria ("Lieutenant Hechavarria"), is a police officer with the City of Boston Police Department, Suffolk County, Massachusetts.

JURISDICTION / VENUE

7. Venue is appropriate to this judicial district pursuant to 28 Code Section 1391(a) as this is the judicial district in which the cause of action arose because substantially all, if not all, of the events and omissions giving rise to this claim occurred here. Jurisdiction is

appropriate to this court pursuant to 28 U.S.C. Sections 1331, 1343, and 1367. This is an action for damages pursuant to 42 U.S.C. Code Section 1983 and Section 1988 for violation of the 4th, 5th, and 14th Amendments to the United States Constitution. This is also an action for damages under the Massachusetts Tort Claims Act, M.G.L. c. 258.

## STATEMENT OF FACTS

8. At approximately 12:47 AM on March 18, 2009, officers of the Boston Police Department were dispatched to 16 Ashford Street, Boston, Massachusetts.
9. Boston Police officers arrived at 16 Ashford Street shortly after 12:47 AM.
10. The responding officers believed they were headed to 16 Ashford Street to investigate a report of a fight.
11. Upon arrival, officers observed approximately 100 people in and outside of 16 Ashford Street.
12. Officer Crowley was one of the Boston Police officers that were present at 16 Ashford Street.
13. Sergeant Sweeney was one of the Boston Police officers that were present at 16 Ashford Street.
14. Officer Powers was one of the Boston Police officers that were present at 16 Ashford Street.
15. Officers Crowley, Powers, and Sergeant Sweeney were all in uniform and working as Boston Police Officers at the time.
16. Officer Powers proceeded to the rear of 16 Ashford Street after his arrival.
17. Officer Crowley and Sergeant Sweeney approached the front of 16 Ashford Street after their arrival.
18. Sergeant Sweeney looked through the front window of 16 Ashford Street and observed a "white male," later identified as the plaintiff, looking at officers.
19. Officers told the plaintiff to open the front door to 16 Ashford Street.
20. The plaintiff does not, nor has he ever, lived at 16 Ashford Street.
21. Officer Powers entered 16 Ashford Street through the rear door.
22. Officer Powers ordered another (unidentified) individual to open the front door.
23. Sergeant Sweeney and Officer Crowley entered 16 Ashford Street through the front door.

24. Sergeant Sweeney approached the plaintiff and asked him if he lived at the residence.
25. The plaintiff replied, "This isn't my house."
26. Sergeant Sweeney said, "We'll see if that's true."
27. The officers attempted to further question the plaintiff.
28. The plaintiff replied, "I choose to remain silent and I want to speak to my lawyer."
29. The plaintiff responded in a normal speaking voice.
30. Officer Powers arrested the plaintiff.
31. Officers had not observed any activity or behavior that would establish probable cause to believe that the plaintiff committed a criminal offense.
32. Officer Powers did not have probable cause to arrest the plaintiff.
33. Officer Powers told the plaintiff he was under arrest for "Disorderly Conduct."
34. Sergeant Sweeney was present when the plaintiff was arrested.
35. Officer Crowley was present when the plaintiff was arrested.
36. Sergeant Sweeney and Officer Crowley assisted Officer Powers in the arrest of the plaintiff.
37. The plaintiff was restrained by the officers.
38. The plaintiff was handcuffed by the officers.
39. The plaintiff was escorted out of the residence.
40. The officers placed the plaintiff into a police wagon.
41. No one else at the house was arrested.
42. The officers took the plaintiff to the police station.
43. The plaintiff was booked and processed at the police station.
44. The report, written by Crowley, was approved by his supervisor Lieutenant Hechavarria.
45. The arrest was approved by shift supervisor Lieutenant Hechavarria.
46. The plaintiff spent the night in lockup.
47. The plaintiff wasn't brought to court until the morning of March 18, 2009.
48. The plaintiff was charged with Disorderly Conduct.
49. The plaintiff was arraigned in the Brighton Division of the Boston Municipal Court.
50. The docket number of the complaint was 0908CR0337.
51. The plaintiff was given a pre-trial hearing date of April 17, 2009.
52. The plaintiff hired an attorney to represent him.

53. The plaintiff paid the attorney two thousand dollars ($2,000.00)
54. The plaintiff's attorney drafted and filed a Motion to Dismiss.
55. The Motion to Dismiss was heard by a justice of the Brighton District Court on April 17, 2009.
56. The Motion to Dismiss was allowed and the complaint dismissed on April 17, 2009.
57. The complaint was dismissed because there was no merit to the charges.
58. The complaint was dismissed because the plaintiff had not committed a crime.
59. Prior to this arrest the plaintiff had never been arrested before.
60. Prior to his arraignment the plaintiff had no entries on his criminal offender record information report ("CORI").

### COUNT ONE – 42 U.S. CODE SECTION 1983 AND SECTION 1988

61. Plaintiff incorporates by reference paragraphs 1 through 54 set forth above.
62. The defendants at all times material to this action were acting under the color of the statutes, ordinances, regulations, policies, customs, and usage of the Commonwealth of Massachusetts.
63. The Defendant's acts violate 42 U.S.C. Sections 1983 and 1988 and are a violation of the 4th, 5th, and 14th Amendments to the United States Constitution.

### COUNT TWO – THE MASSACHUSETTS CIVIL RIGHTS ACT

64. The plaintiff incorporates by references paragraphs 1 through 54 set forth above.
65. Defendants' acts are a violation of Massachusetts General Law Chapter 12 Section 11(i).

### COUNT THREE – FALSE IMPRISONMENT

66. The plaintiff incorporates by reference paragraphs 1 through 54 set forth above.
67. The above acts constitute false imprisonment of the plaintiff by the defendants.

### COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. The plaintiff incorporates by reference paragraphs 1 through 54 set forth above.
69. The above acts constitute extreme or outrageous conduct that is an intentional infliction of emotional distress.

### COUNT FIVE – ASSAULT AND BATTERY

70. The Plaintiffs incorporate by reference paragraphs 1 through 54 set forth above.

71. The above referenced acts constitute an assault and battery by the defendants.

### COUNT FIVE – MALICIOUS PROSECUTION

72. The Plaintiff incorporates by reference paragraphs 1 through 54 set forth above.

73. The above referenced acts constitute malicious prosecution by the defendants.

### COUNT SIX – MASS. TORT CLAIMS ACT AGAISNT THE CITY OF BOSTON

74. The Plaintiffs incorporate by reference paragraphs 1 through 54 set forth above.

75. The above acts constitute negligence by the defendants Crowley and Hechavarria for which the City of Boston is liable pursuant to M.G.L. c. 258.  A settlement demand was served upon the City of Boston pursuant to section 4 of Chapter 258, by certified mail, and no response was received within the time allowed.

Wherefore, Plaintiffs request that this Court grant relief as follows:

1. Compensatory damages.
2. Punitive damages.
3. Costs of this action, including reasonable attorney's fees, and ;
4. Declaratory relief;
5. Such other relief as the court deems appropriate.

**Plaintiffs demand trial by jury on all issues.**

Respectfully submitted
TYLER TVEDTEN
By his attorney,

_/s/ Christopher B. Coughlin_
Christopher B. Coughlin BBO# 667392
Milligan Coughlin LLC
197 Portland Street 5th Floor
Boston, MA 02114
p (617) 500.3694 | f (866) 708.4703
cbc@milligancoughlin.com

Dated: August 2, 2010