UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11291-GAO

TYLER TVEDTEN

v.

CITY OF BOSTON, GEORGE CROWLEY,
ANDREW POWERS, STEVEN SWEENEY,
and ROY HECHAVARRIA
        Defendants


### DEFENDANT, CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

**I.**     **INTRODUCTION**

Plaintiff, Tyler Tvedten ("Plaintiff") asserts seven (7) claims against the City of Boston ("City"): violations of 42 U.S.C. § 1983 and § 1988 (Count One); violation of the Massachusetts Civil Rights Act (Count Two); False Imprisonment (Count Three); Intentional Infliction of Emotional Distress (Count Four); Assault and Battery (Count Five); Malicious Prosecution (Count Five[1]); and violations of the Mass. Tort Claims Act (Count Six). Pursuant to Fed. R. Civ. P. 12(b)(6), the City moves to dismiss the Plaintiff's Complaint for failing to state a claim for which relief can be granted.

**II.**     **FACTUAL BACKGROUND**

The facts taken in the light most favorable to the Plaintiff are as follows: In the early morning hours of March 18, 2009, Sgt. (now Lt.) Sweeney and Officers Crowley and Powers were dispatched to 16 Ashford Street, Brighton, Massachusetts to investigate a report of a fight. Ex. A at ¶ 63 (Plaintiff's Complaint). Upon arrival, they observed

---

[1] Plaintiff's Complaint has two Count Fives, therefore they will be referred to as Count Five (Assault and Battery) and Count Five (Malicious Prosecution).

approximately 100 people at the residence. *Id*. at ¶ 11. Officer Powers proceeded to the rear door of the residence and Sgt. Sweeney and Officer Crowley approached the front door. *Id*. at ¶ 16, 17, 21. Sgt. Sweeney and Officer Crowley saw a male, later identified as the Plaintiff, looking through a window at the officers. *Id*. at ¶ 18. Officers directed him to open the front door (which he did not). *Id*. at ¶ 19. The door was later opened by an unidentified individual. *Id*. at ¶ 22. Sgt. Sweeney and Officer Crowley entered the front door. *Id*. at ¶ 23. Plaintiff was asked if he lived there and he stated it wasn't his house and he was choosing to remain silent and wanted to speak to his lawyer. *Id*. at ¶ 24-28.

Plaintiff was arrested for Disorderly Conduct, brought to the police station, booked and processed, then appeared in court the next morning. *Id*. at ¶ 36-43, 46, 47. Officer Crowley completed the police report and Lt. Hechavarria, the shift supervisor approved it. *Id*. at ¶ 44. Plaintiff was charged with Disorderly Conduct, was arraigned and given a pre-trial hearing date. *Id*. at ¶ 48, 49, 51. Plaintiff hired an attorney, who filed a motion to dismiss on his behalf which was allowed. *Id*. at ¶ 52, 54, 56.

Plaintiff now brings this suit against the City and the police officers involved.

### III.     STANDARD OF LAW

The applicable standard for granting a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) is whether the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Williams v. Astra USA, Inc.*, 68 F.Supp.2d 29, 33 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear,

granting every reasonable inference in plaintiff's favor. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999).

To determine if a complaint states a claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" *Id.* (internal citation omitted).

### IV.   ARGUMENT

#### A. Count One (§§ 1983 and 1988) Against the City of Boston Must Be Dismissed for Failure to State a Claim.

##### 1.   Plaintiff's Claim Must Fail Under a Monell Policy Theory.

For liability to attach to the City under 42 U.S.C. § 1983, the Plaintiff must establish that the Plaintiff's alleged injuries were inflicted as result of an official policy or custom of the City, and not merely because it employed an alleged tortfeasor. *See Monell v. New York Dep't. of Social Services*, 436 U.S. 658, 694 (1978); *Bibbo v. Mulhern,* 621 F. Supp. 1018, 1027 (D. Mass. 1985). When the alleged tortfeasor is a municipal employee, the municipality will only be held liable if the employee's allegedly unconstitutional action is taken pursuant to a municipal policy or custom. *Monell*, 436 U.S. at 690-91.

The Plaintiff must demonstrate an affirmative, causal link between a policy or custom of the municipality and the particular constitutional violation alleged. *Board of County Comm's. of Bryan County v. Brown*, 520 U.S. 397, 404 (1997); *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

This requires Plaintiff to "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Board of County Comm's. of Bryan County v. Brown*, 520 U.S. at 407. "A showing of simple or heightened negligence will not suffice." *Id.* As the First Circuit has explained, the Plaintiff must plead in each claim that "[t]he existence of a policy that caused Plaintiff's injury. . . ." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (1st Cir. 1985). Such allegation "is an essential part of Section 1983 liability." *Id.* "Without some evidence apart from the fact of employment, regardless how slight, that a policy causing Plaintiff[s'] injury might exist, the Plaintiff[s] simply cannot proceed in Court against the municipality." *Id.* Here, the Plaintiff cannot satisfy this requisite threshold because he has failed to plead sufficient facts to make out a proper claim against the City under *Monell*.

Even if the Plaintiff had alleged a custom, policy or practice, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

The Plaintiff's allegations in paragraph 63 are without any factual support as they fail to show more than one single incident occurred and thus fail to assert a claim of

municipal liability.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  Accordingly, Plaintiff's claims against the City should be dismissed.

### 2. **Plaintiff's Claims under the First, Fourth, Fifth, Eighth and Fourteenth Amendments Fail**.

Plaintiff's claims that his Fourth, Fifth, and Fourteenth Amendments were violated by the City must be dismissed because he fails to plead any set of facts in support of such claims.  Even under the most liberal pleading standard, Plaintiff's Complaint is void of any factual support or reasonable inferences that can be drawn as to how this list of his Constitutional rights has been violated by the City.  *See Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (sufficiency of complaint rises and falls on whether any set of facts would entitle plaintiff relief); *see also Chonaris v. Bd. Of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987) *cert. denied* 483 U.S. 1021 (1987).  Plaintiff's Complaint lacks any factual support of these four Constitutional rights for which Plaintiff was allegedly deprived by the City, and reads only as conclusions of law.  It is therefore appropriate for these claims to be dismissed.

### B. **Count Two (MCRA) Against the City of Boston Must Be Dismissed for Failure to State a Claim.**

Count Two of Plaintiff's Complaint asserts a claim against the City under M.G.L. c. 12, § 11(i).  In that claim, Plaintiff alleges that the "Defendants' acts are in violation of Massachusetts General Laws Chapter 12 Section 11(i)."  Ex. A at ¶ 65.  Plaintiff's claim against the City under the Massachusetts Civil Rights Act ("MCRA") must be dismissed because municipalities are not "persons" covered by the MCRA and cannot be held liable under it.  *See Howcroft v. Peabody*, 51 Mass. App. Ct. 573, 591-592 (2001); *Fletcher v. Szostkiewicz*, 190 F.Supp.2d 217 (D. Mass 2002).  Additionally, Plaintiff does not even

5

allege he was subjected to threats, intimidation and coercion by the Officers or the City as is required for a MCRA claim.

### C. Counts Three (False Imprisonment), Four (IIEM), Five (Assault and Battery) and Count Five [sic] (Malicious Prosecution) Against the City of Boston Must Be Dismissed for Failure to State Claims.

Counts Three, Four and both Five of Plaintiff's Complaint are intentional torts brought against the City of Boston. Ex. A ¶¶ 69, 67, 71. Municipal liability under c. 258 does not apply to "any claim arising out of an *intentional tort*, including *assault*, *battery*, *false imprisonment*, false arrest, *intentional mental distress*, *malicious prosecution* … ." M.G.L. c. 258, § 10(c). It is well settled that the City is immune from liability for intentional torts and they must be dismissed. *See Melendez v. City of Worcester*, 870 F. Supp 11, 14 (D. Mass 1994).

### D. Count Six (Mass. Tort Claims Act Against the City of Boston) Must Be Dismissed for Failure to State a Claim.

In Count Six [sic] of his Complaint, Plaintiff states "[t]he above acts constitute negligence by the defendants Crowley and Hechavarria for which the City of Boston is liable pursuant to M. G. L. c. 258." Ex. A ¶ 75. A municipality may only be held liable for the negligent acts of its employees acting within the scope of their employment. *See* G.L. c. 258 §2. Because Plaintiff's Complaints contains intentional torts, the City cannot be held liable for any actions that constitute alleged intentional torts. *See Melendez*, 870 F. Supp at 14 (City is immune from liability for intentional torts). A broad reading of Plaintiff's Complaint shows that he trying to glean that the City should be liable for the actions of Officer Crowley in writing the police report and for Lt. Hechevarria for his approval of the report. However, Plaintiff fails to specify how those acts constitute negligence for which the City can be held responsible. He also makes no allegation of

negligent training, supervision or discipline.  Even if he did these claims are not actionable because they fall within the discretionary function exception.  M.G.L. c. 258, § 10(b).  Section 10(b) exempts the City from liability for:

> any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.

*Id*; s*ee also Greenwood v. Town of Easton*, 444 Mass. 467, 469-70 (2005) (discretionary exemption two step analysis is to (1) determine if the governmental actor had discretion to do or not to do what plaintiff claims caused harm; (2) whether c. 258, § 10(b) provides immunity from liability for the discretion used).

Without going beyond Plaintiff's Complaint it can only be said that Officer Crowley completed the police report and Lt. Hechevarria reviewed and approved the police report as they are required to do pursuant to Boston Police Department procedures.  Plaintiff does not claim these acts were negligence for which the City could be held liable.

### III.   CONCLUSION

For the reasons stated above, the Defendant, City of Boston, respectfully requests dismissal of Count One (§§ 1983 and 1988); Count Two (MCRA); Count Three (False Imprisonment), Count Four (Intentional Infliction of Emotion Distress), Count Five (Assault and Battery); Count Five [sic] (Malicious Prosecution); and Count Six (Mass. Tort Claims Act) as they pertain to the city of Boston be dismissed with prejudice.

Respectfully submitted,
DEFENDANT, City of Boston,
By their attorneys:

WILLIAM F. SINNOTT,
Corporation Counsel

<u>/s/ Dawn M. Beauchesne</u>
<u>/s/ Raquel D. Ruano</u>
Dawn Beauchesne, BBO #661669
Raquel D. Ruano, BBO# 635758
Assistant Corporation Counsels
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Beauchesne)
 (617) 635-4039 (Ruano)

## Certificate of Compliance With Local Rule 7.1

I hereby certify that, pursuant to Local Rule 7.1, we have conferred with counsel for the Plaintiff on November 10, 2010.

                                       /s/ Dawn M. Beauchesne
                                          Dawn M. Beauchesne

                                       /s/ Raquel D. Ruano
                                         Raquel D. Ruano

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              /s/ Dawn M. Beauchesne
                                              Dawn M. Beauchesne

                                              /s/ Raquel D. Ruano
                                              Raquel D. Ruano