UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11291-GAO

TYLER TVEDTEN,
Plaintiff,

v.

CITY OF BOSTON, GEORGE CROWLEY, ANDREW POWERS, STEVEN SWEENEY, and ROY HECHAVARRIA
Defendants.

OPINION AND ORDER
March 29, 2012

O'TOOLE, D.J.

The plaintiff, Tyler Tvedten, filed suit against defendants, Officer Powers, Officer Crowley, Sergeant Sweeney, Lieutenant Hechavarria and the City of Boston, alleging violations of his constitutional rights. The plaintiff also brought two claims against the City of Boston, alleging liability under 42 U.S.C. § 1983 and liability under the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws ch. 258 §§ 1, *et seq*. The City of Boston has moved for dismissal of both claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has also moved to amend his Complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**I.     Background**

The plaintiff alleges that on March 18, 2009, the Boston Police Department dispatched officers Crowley, Powers and Sweeney to 16 Ashford Street, Boston, Massachusetts. Upon arrival, the officers observed approximately one-hundred people in and outside the premises. Sweeney looked through the front window, observed the plaintiff looking at the police officers,

and asked that he open the front door.[1] Sweeney entered the house, approached the plaintiff, and asked him if he lived at the residence. The plaintiff reported that he did not, and Sweeney responded, "We'll see if that's true." The officers attempted to further question the plaintiff, and he informed them that he chose to remain silent and that he wanted to speak with his lawyer.

The plaintiff was arrested for disorderly conduct. Powers made the arrest; Sweeney and Crowley allegedly assisted in the arrest.[2] No other persons were arrested. The plaintiff was taken to a police station, booked and processed.[3] Crowley prepared the police report and noted that the plaintiff was a disorderly person. Crowley also signed the criminal complaint. The police report and the arrest were allegedly approved by Hechavarria, Crowley's supervisor. After spending one night detained, the plaintiff was arraigned. The criminal charges were later dismissed.

The plaintiff alleges that his arrest and detention violated his constitutional rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments because the officers had not observed any activity or behavior that would establish probable cause for his arrest.

## II.     Motion to Amend

After the City's motion to dismiss was filed, the plaintiff sought leave to amend his Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. The City opposes this motion on the ground that it is futile because the Amended Complaint still does not state a viable claim against the City.

---

[1] Although the plaintiff does not allege whether or not he opened the door, the defendant's motion to dismiss suggests that he did not.
[2] The plaintiff alleges that "the officers" restrained, handcuffed and placed him into a police wagon, without specifying particular names. (Compl. ¶¶ 39-40, 42-43 (dkt. no. 18).).
[3] The complaint alleges that "the officers" took the plaintiff to the police station, without additional clarity with regard to which officers took him to the police station, or which officers were present during the time in which the plaintiff was booked.

Rule 15 authorizes leave to amend to be freely given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the Amended Complaint alleges the same two causes of action against the City. The City's motion to dismiss addresses these claims, and the plaintiff's opposition to that motion does likewise. Further, to the extent there are a few new factual allegations in the Amended Complaint, the City has addressed them in its opposition to the motion to amend. Under the circumstances, the amendment can be allowed and the City's motion also considered. For these reasons, the plaintiff's motion to amend is granted, and the Amended Complaint is deemed filed and the operative statement of the plaintiff's claims.

### III.   Motion to Dismiss

#### A.   42 U.S.C. § 1983 Claim

To establish municipal liability under 42 U.S.C. § 1983 "a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978)). A showing of "both the existence of a policy or custom and a causal link between that policy and the constitutional harm," is required to impute liability to a municipality. Santiago, 891 F.2d at 381. The municipal policy may either be an official policy articulated or adopted by a decision-maker or an unofficial custom as evidenced by widespread action or inaction. McElroy v. Lowell, 741 F. Supp. 2d 349 (D. Mass. 2010) (citing Fletcher v. Clinton, 196 F.3d 41, 55 (1st Cir. 1999)). Here, the plaintiff's claim rests on an alleged official policy existent in the Boston Police Department. No allegations of an unofficial custom are made in the Complaint.

Official policies may either be formal or informal. However, an official policy does not require widespread practice. Pembaur v. Cincinnati, 475 U.S. 469, 481 (1986). See also Welch v. Ciampa, 542 F.3d 927, 942 (1st Cir. 2008). Rather, an official policy may include "a specific

3

decision or set of decisions designed to carry out such a chosen course of action." Pembaur, 475 U.S. at 481, n.9 (internal quotations and citation omitted). Thus, isolated decisions may suffice if they are made by individuals with decision-making authority. Id. at 481, 483. See also Welch, 542 F.3d at 942; Wilson v. Boston, 421 F.3d 45, 59 (1st Cir. 2005). Conversely, "'a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" Wilson, 421 F.3d at 59, quoting Monell, 436 U.S. at 691 (emphasis in original).

Here, the plaintiff alleges that: (a) the actions of Crowley, Powers and Sweeney, in arresting him without probable cause, "evidence[ ] a policy of unconstitutional behavior in the Boston Police Department" (Am. Compl. ¶ 73.); (b) Crowley's submission of a police report, lacking a showing of probable cause, and Hechavarria's approval of the police report "is evidence of a policy of unconstitutional behavior in the Boston Police Department" (Compl. ¶ 74.); (c) Crowley's swearing of a criminal complaint, which did not recite probable cause for the plaintiff's arrest "is evidence of a policy of unconstitutional behavior in the Boston Police Department" (Compl. ¶ 75.); and (d) the "defendant's policies" violated his constitutional rights (Compl. ¶ 76.).

The plaintiff's Amended Complaint does not allege a viable § 1983 claim to trigger municipal liability. The plaintiff's Complaint fails to allege that the Boston Police Department has an official policy permitting arrests for disorderly conduct without probable clause. The plaintiff merely alleges that Crowley's, Power's, Sweeney's and Hechavarria's actions are evidence of an unconstitutional policy within the Boston Police Department. Such an allegation is not itself sufficient to present a plausible claim under § 1983. Moreover, although isolated decisions by municipal employees may trigger liability under § 1983, the plaintiff does not allege

that any of the police actors in relation to his arrest were officials with decision-making authority. Likewise, the plaintiff does not allege that either Crowley or Hechavarria are decision-makers with decision-making authority, whose decisions constitute official policy. Therefore, the plaintiff is unable to sustain a § 1983 claim against the City of Boston.

    B.    <u>Massachusetts Tort Claims Act Claim</u>

A municipality can be liable under § 2 of the MTCA for the negligence of employees, including police officers, who were acting within the scope of their duty as employees. <u>Lewis v. Kendrick</u>, 944 F.2d 949, 953 (1st Cir. 1991) (citation omitted); Mass. Gen. Laws ch. 258, § 2. However, a municipality may not be held liable for intentional torts committed by employees. <u>Id.</u> at § 10(c); <u>see also</u> <u>Melendez v. City of Worcester</u>, 870 F. Supp. 11, 14 (D. Mass. 1994). Such excluded intentional torts include assault, battery, false imprisonment, intentional mental distress, and malicious prosecution. Mass. Gen. Laws ch. 258, § 10(c).

The tortious acts of the individual officers alleged in the Amended Complaint all amount to intentional torts. The attempted characterization of them as "negligence" is unavailing. Arrest without probable cause, as alleged here, is an intentional act on the part of the arresting officers. Additionally, the claims brought against the individual officers, which include assault and battery, false imprisonment, intentional infliction of emotional distress and malicious prosecution, further establish the intentionally tortuous nature of this conduct. The City is not liable under the MTCA for the intentional torts of its employees.

## **IV.**     **Conclusion**

For the foregoing reasons, the plaintiff's Motion (dkt. no. 20) to Amend the Complaint is GRANTED and the City's Motion (dkt. no. 6) to Dismiss the claims asserted against it is likewise GRANTED. Those claims are dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
